NGUYEN, Circuit Judge,
concurring only in the judgment:
I join fully in the majority’s conclusions. But I write separately because I fear that the majority’s reasoning could create confusion in our case law.
I.
As the majority explains, as a general matter a defendant must show “prejudice” under Strickland v. Washington, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), to establish that counsel was constitutionally defective. There is an exception, however, when counsel is burdened by an “actual conflict of interest.” Id. at 692, 104 S.Ct. 2052. In such cases, prejudice is presumed. See Cuyler v. Sullivan, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980). As we have said in the past, an “actual conflict” is defined as a “conflict of interest that adversely affected counsel’s performance.” United States v. Miskinis, 966 F.2d 1263, 1268 (9th Cir. 1992). Under our case law, the term “actual conflict” is used in this context to mean the sort of conflict that requires the presumption of prejudice. See, e.g., Bonin v. Calderon, 59 F.3d 815, 826 (9th Cir. 1995); Hovey v. Ayers, 458 F.3d 892, 908 (9th Cir. 2006) (stating that an “actual conflict is defined by its impact”).
• Here, the majority analyzes at length whether Walter-Eze’s counsel was burdened by an “actual conflict” of interest— or simply put, one that adversely affected his performance — and answers resoundingly yes. See e.g. Op. at 902 (“[WJe hold that under the circumstances present here, both the threat of fees and the threat of potential sanctions created a conflict of interest that adversely affected counsel’s performance.”); see also Op. at 904 (stating the circumstances “self-evidently suffice to establish an ‘actual conflict’ under this Circuit’s precedent”); see also Op. at 906 (describing the conflict as “[an] actual conflict [ ] relegated to a single moment of the representation and resulting] in a single identifiable decision that adversely affected the defendant”). The majority’s conclusion that Walter-Eze’s counsel was burdened by an actual conflict, one that adversely affected his counsel’s performance, would appear to settle the matter under our case law. As we have repeatedly held, if an actual conflict exists that adversely affected counsel’s performance, we must presume prejudice.
Yet the majority goes on to hold that after determining that an “actual conflict” exists, it must then consider whether to apply Sullivan presumed prejudice or the Strickland standard for prejudice, ulti *916 mately deciding on the latter. This sequencing is confusing. The majority crafts a new rule without acknowledging our well-established precedent that prejudice is presumed when an “actual conflict” adversely affecting counsel’s performance exists. See, e.g., Hovey, 458 F.3d at 907-08; Earp v. Ornoski, 431 F.3d 1158, 1183 (9th Cir. 2005) (“In order to establish a ... Sullivan exception, the defendant must demonstrate that an actual conflict of interest adversely affected his lawyer’s performance” (internal quotation marks omitted)); United States v. Wells, 394 F.3d 725, 733 (9th Cir. 2005) (holding that if a defendant “demonstrate[s] that an actual conflict of interest adversely affected his lawyer’s performance ... prejudice is presumed,” citing Sullivan); United States v. Rodrigues, 347 F.3d 818, 823 (9th Cir. 2003) (“prejudice is presumed if a defendant demonstrates that his counsel labored under an actual conflict of interest,” citing Sullivan (internal quotation marks omitted)); see also, e.g., United States v. Shwayder, 312 F.3d 1109, 1117 (9th Cir. 2002); Bonin, 59 F.3d at 825. Even though the majority’s conclusion appears to satisfy the presumed prejudice test from Sullivan, the majority instead concludes that Sullivan does not apply. I find the majority’s approach difficult to reconcile with our many cases on this subject.
II.
Here, I would hold that there was no “actual conflict” that adversely affected counsel’s performance, and thus Sullivan’s presumed prejudice rule does not apply. Perhaps our precedents defining the term “actual*conflict” to mean only a conflict of interest that requires a presumption of prejudice are confusing; there are certainly conflicts of interest that look “actual” in the colloquial sense that do not merit the application of Sullivan. The majority’s opinion, however, will only confuse further still.
As I would find no “actual conflict” under Sullivan, like the majority I would apply the prejudice standard from Strickland and hold that Walter-Eze cannot show prejudice due to the overwhelming evidence against her. 466 U.S. at 694, 104 S.Ct. 2052.
I respectfully concur in the judgment,